UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Julio Carrion Figueroa, # 14692-069, | ) C/A No. 4:08-3968-TLW-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden FNU Owens, FCI-Williamsburg, | ) |
| Respondent. | ) |

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 9, 2008, challenging the BOP's determination of his projected releases date.[1] Respondent filed a motion for summary judgment on March 24, 2009. Because the petitioner is proceeding pro se, he was advised on or about March 25, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the respondent's motion for summary judgment could result in dismissal of his petition. Petitioner filed a response on March 31, 2009. Respondent filed a reply on April 2, 2009.

In respondent's motion for summary judgment, respondent asserted that petitioner was sentenced on April 23, 1999, to a 264-month term of imprisonment by the United States District Court of the District of Puerto Rico, for Conspiracy to Distribute Cocaine and Marihuana, violation

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

of 21 U.S.C. §841(a). Further, respondent asserted that petitioner's sentence was reduced to 211-months incarceration on January 7, 2009 pursuant to 18 U.S.C. §3582(c)(2).

In his response in opposition, petitioner asserts that his projected release date is erroneous because respondent commenced his federal sentence on November 16, 2005, instead of commencing his federal sentence on April 11, 1997, as ordered by the federal sentencing court. Petitioner argues in his response that April 11, 1997, is the starting date for his federal sentence and that if computed correctly, he should have a "release date of 2013." (Response, p. 2). Therefore, petitioner requests that the court order the BOP to "Re-examine petitioner's imprisonment term starting from the date of April 11, 1997, and order the B.O.P. to correct his release date to the year of 2013, which would be the end of his '211' month sentence, or in the alternative grant relief it deems necessary to full oblige the intent of the sentencing court." (Response, p. 4).

Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) Williamsburg. In the memorandum for summary judgment, respondent argued that after receiving petitioner's habeas petition and reviewing the partial sentencing transcript he included, an official at the Designations and Sentence Computation Center made several attempts to the United States District Court of the District of Puerto Rico to verify the information provided by petitioner but the attempts were unsuccessful. Subsequently, respondent asserts that on March 20, 2009, the United Sates District Court for the District of Puerto Rico issued an amended Judgment pursuant to Federal Rules of Criminal Procedure 36, Correction of Sentence for Clerical Mistake. Respondent contends that based upon the Amended Judgment, the BOP re-computed petitioner's federal sentence to fully oblige the sentencing court's intent, instead of computing the term of the federal sentence as 211 months, as indicated on the amended order, the BOP reduced the federal sentence by taking the 211

2

month term and subtracting the time period from April 11, 1997, through September 4, 2005, which resulted in a total term to serve of 186 months and 19 days. Therefore, respondent asserted in the memorandum that the computation change had been reflected on petitioner's sentence computation and resulted in a new projected release date of June 7, 2019.

Petitioner filed a response in opposition asserting that the March 23, 2009, re-computations of his sentence does not reflect the intent of the sentencing court and he has not received the relief that he requested. Respondent filed a reply asserting that subsequent to reviewing petitioner's response/transverse, respondent contacted officials at the Designation Sentence Computations center (DSCC) located in Grande Prarie, Texas, for further review of petitioner's sentence computation and it was determined that petitioner was correct in his asserting that the March 23, 2009, sentence computation did not reflect the intent of the sentencing court's March 20, 2009, Amended Judgment and Commitment Order. Respondent contends that the re-computed error was due to a misinterpretation of the sentencing court's Amended Judgment and Commitment Order, which resulted in a misapplication of sentence computation procedures. Respondent attached a declaration of Roy Lathrop and the Sentence Monitoring Computation Data to the reply and asserts the following:

> . . . it clearly appears the sentencing court also intended for Mr. Carrion-Figueroa to receive credit from April 11, 1997. Event though crediting Mr. Carrion-Figueroa with the period of time from April 11, 1997, (the day he was received in federal custody via a writ of habeas corpus prosequendum) through April 22, 1999, (the day before federal sentence was imposed) is contrary to statutory authority (18 U.S.C. 3585(b)), because it was the intent of the sentencing court that Mr. Carrion-Figueroa receive credit for that time period, the Respondent has awarded April 11, 1997, through April 22, 1999, as prior custody credit toward the federal sentence. This re-computation of Mr. Carrion-Figueroa's sentence computation results in a projected release date from

his federal sentence on October 21, 2012, which is an earlier date than even anticipated by Mr. Carrion-Figueroa.

With the second re-computation of Mr. Carrion-Figueroa's federal sentence, the Respondent reasserts that this matter is moot. Mr. Carrion-Figueroa is entitled to no further relief in this matter.

(Respondent's Reply, p. 3).

Petitioner has not filed any further documents since his response on March 31, 2009.

Based on the above, it is recommended that this petition be deemed Moot in that petitioner has received the relief sought in his petition with respect to the computation of his sentence and it is reflected on the Sentence Computation sheet provided by respondent.

## CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 20, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**